JS44 (Rev. 6/2017 NDGA)

# CIVIL COVER SHEET

The JS44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form is required for the use of the Clerk of Court for the purpose of initiating the civil docket record. (SEE INSTRUCTIONS ATTACHED)

## I. (a) PLAINTIFF(S)

Valerie Wilcox

## DEFENDANT(S)

Voices of Faith Ministry, Inc., d/b/a Voices of Faith Christian Daycare, and Gary Hawkins

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Gwinnett
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** Dekalb
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS** (FIRM NAME, ADDRESS, TELEPHONE NUMBER, AND E-MAIL ADDRESS)

Danielle Obiorah
Obiorah Fields, LLC
157 S. McDonough St.
Jonesboro, GA 30236
404-994-6218 - Phone
dbo@obiorahfields.com

**ATTORNEYS** (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. GOVERNMENT PLAINTIFF
☒ 3 FEDERAL QUESTION (U.S. GOVERNMENT NOT A PARTY)
☐ 2 U.S. GOVERNMENT DEFENDANT
☐ 4 DIVERSITY (INDICATE CITIZENSHIP OF PARTIES IN ITEM III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(FOR DIVERSITY CASES ONLY)

| PLF | DEF | | PLF | DEF | |
|---|---|---|---|---|---|
| ☐ 1 | ☐ 1 | CITIZEN OF THIS STATE | ☐ 4 | ☐ 4 | INCORPORATED OR PRINCIPAL PLACE OF BUSINESS IN THIS STATE |
| ☐ 2 | ☐ 2 | CITIZEN OF ANOTHER STATE | ☐ 5 | ☐ 5 | INCORPORATED AND PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE |
| ☐ 3 | ☐ 3 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | ☐ 6 | ☐ 6 | FOREIGN NATION |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 ORIGINAL PROCEEDING
☐ 2 REMOVED FROM STATE COURT
☐ 3 REMANDED FROM APPELLATE COURT
☐ 4 REINSTATED OR REOPENED
☐ 5 TRANSFERRED FROM ANOTHER DISTRICT (Specify District)
☐ 6 MULTIDISTRICT LITIGATION - TRANSFER
☐ 7 APPEAL TO DISTRICT JUDGE FROM MAGISTRATE JUDGE JUDGMENT
☐ 8 MULTIDISTRICT LITIGATION - DIRECT FILE

## V. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE - DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Defendants have violated the Fair Labor Standards Act of 1938.

### (IF COMPLEX, CHECK REASON BELOW)

☐ 1. Unusually large number of parties.
☐ 2. Unusually large number of claims or defenses.
☐ 3. Factual issues are exceptionally complex
☐ 4. Greater than normal volume of evidence.
☐ 5. Extended discovery period is needed.
☐ 6. Problems locating or preserving evidence
☐ 7. Pending parallel investigations or actions by government.
☐ 8. Multiple use of experts.
☐ 9. Need for discovery outside United States boundaries.
☐ 10. Existence of highly technical issues and proof.

**CONTINUED ON REVERSE**

FOR OFFICE USE ONLY
RECEIPT #_____ AMOUNT $_____ APPLYING IFP_____ MAG. JUDGE (IFP)_____
JUDGE_____ MAG. JUDGE_____ NATURE OF SUIT_____ CAUSE OF ACTION_____
(Referral)

## VI. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT - "0" MONTHS DISCOVERY TRACK**
- ☐ 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
- ☐ 152 RECOVERY OF DEFAULTED STUDENT LOANS (Excl. Veterans)
- ☐ 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS

**CONTRACT - "4" MONTHS DISCOVERY TRACK**
- ☐ 110 INSURANCE
- ☐ 120 MARINE
- ☐ 130 MILLER ACT
- ☐ 140 NEGOTIABLE INSTRUMENT
- ☐ 151 MEDICARE ACT
- ☐ 160 STOCKHOLDERS' SUITS
- ☐ 190 OTHER CONTRACT
- ☐ 195 CONTRACT PRODUCT LIABILITY
- ☐ 196 FRANCHISE

**REAL PROPERTY - "4" MONTHS DISCOVERY TRACK**
- ☐ 210 LAND CONDEMNATION
- ☐ 220 FORECLOSURE
- ☐ 230 RENT LEASE & EJECTMENT
- ☐ 240 TORTS TO LAND
- ☐ 245 TORT PRODUCT LIABILITY
- ☐ 290 ALL OTHER REAL PROPERTY

**TORTS - PERSONAL INJURY - "4" MONTHS DISCOVERY TRACK**
- ☐ 310 AIRPLANE
- ☐ 315 AIRPLANE PRODUCT LIABILITY
- ☐ 320 ASSAULT, LIBEL & SLANDER
- ☐ 330 FEDERAL EMPLOYERS' LIABILITY
- ☐ 340 MARINE
- ☐ 345 MARINE PRODUCT LIABILITY
- ☐ 350 MOTOR VEHICLE
- ☐ 355 MOTOR VEHICLE PRODUCT LIABILITY
- ☐ 360 OTHER PERSONAL INJURY
- ☐ 362 PERSONAL INJURY - MEDICAL MALPRACTICE
- ☐ 365 PERSONAL INJURY - PRODUCT LIABILITY
- ☐ 367 PERSONAL INJURY - HEALTH CARE/ PHARMACEUTICAL PRODUCT LIABILITY
- ☐ 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**TORTS - PERSONAL PROPERTY - "4" MONTHS DISCOVERY TRACK**
- ☐ 370 OTHER FRAUD
- ☐ 371 TRUTH IN LENDING
- ☐ 380 OTHER PERSONAL PROPERTY DAMAGE
- ☐ 385 PROPERTY DAMAGE PRODUCT LIABILITY

**BANKRUPTCY - "0" MONTHS DISCOVERY TRACK**
- ☐ 422 APPEAL 28 USC 158
- ☐ 423 WITHDRAWAL 28 USC 157

**CIVIL RIGHTS - "4" MONTHS DISCOVERY TRACK**
- ☐ 440 OTHER CIVIL RIGHTS
- ☐ 441 VOTING
- ☐ 442 EMPLOYMENT
- ☐ 443 HOUSING/ ACCOMMODATIONS
- ☐ 445 AMERICANS with DISABILITIES - Employment
- ☐ 446 AMERICANS with DISABILITIES - Other
- ☐ 448 EDUCATION

**IMMIGRATION - "0" MONTHS DISCOVERY TRACK**
- ☐ 462 NATURALIZATION APPLICATION
- ☐ 465 OTHER IMMIGRATION ACTIONS

**PRISONER PETITIONS - "0" MONTHS DISCOVERY TRACK**
- ☐ 463 HABEAS CORPUS- Alien Detainee
- ☐ 510 MOTIONS TO VACATE SENTENCE
- ☐ 530 HABEAS CORPUS
- ☐ 535 HABEAS CORPUS DEATH PENALTY
- ☐ 540 MANDAMUS & OTHER
- ☐ 550 CIVIL RIGHTS - Filed Pro se
- ☐ 555 PRISON CONDITION(S) - Filed Pro se
- ☐ 560 CIVIL DETAINEE: CONDITIONS OF CONFINEMENT

**PRISONER PETITIONS - "4" MONTHS DISCOVERY TRACK**
- ☐ 550 CIVIL RIGHTS - Filed by Counsel
- ☐ 555 PRISON CONDITION(S) - Filed by Counsel

**FORFEITURE/PENALTY - "4" MONTHS DISCOVERY TRACK**
- ☐ 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
- ☐ 690 OTHER

**LABOR - "4" MONTHS DISCOVERY TRACK**
- ☒ 710 FAIR LABOR STANDARDS ACT
- ☐ 720 LABOR/MGMT. RELATIONS
- ☐ 740 RAILWAY LABOR ACT
- ☐ 751 FAMILY and MEDICAL LEAVE ACT
- ☐ 790 OTHER LABOR LITIGATION
- ☐ 791 EMPL. RET. INC. SECURITY ACT

**PROPERTY RIGHTS - "4" MONTHS DISCOVERY TRACK**
- ☐ 820 COPYRIGHTS
- ☐ 840 TRADEMARK

**PROPERTY RIGHTS - "8" MONTHS DISCOVERY TRACK**
- ☐ 830 PATENT
- ☐ 835 PATENT-ABBREVIATED NEW DRUG APPLICATIONS (ANDA) - a/k/a Hatch-Waxman cases

**SOCIAL SECURITY - "0" MONTHS DISCOVERY TRACK**
- ☐ 861 HIA (1395ff)
- ☐ 862 BLACK LUNG (923)
- ☐ 863 DIWC (405(g))
- ☐ 863 DIWW (405(g))
- ☐ 864 SSID TITLE XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS - "4" MONTHS DISCOVERY TRACK**
- ☐ 870 TAXES (U.S. Plaintiff or Defendant)
- ☐ 871 IRS - THIRD PARTY 26 USC 7609

**OTHER STATUTES - "4" MONTHS DISCOVERY TRACK**
- ☐ 375 FALSE CLAIMS ACT
- ☐ 376 Qui Tam 31 USC 3729(a)
- ☐ 400 STATE REAPPORTIONMENT
- ☐ 430 BANKS AND BANKING
- ☐ 450 COMMERCE/ICC RATES/ETC.
- ☐ 460 DEPORTATION
- ☐ 470 RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS
- ☐ 480 CONSUMER CREDIT
- ☐ 490 CABLE/SATELLITE TV
- ☐ 890 OTHER STATUTORY ACTIONS
- ☐ 891 AGRICULTURAL ACTS
- ☐ 893 ENVIRONMENTAL MATTERS
- ☐ 895 FREEDOM OF INFORMATION ACT
- ☐ 899 ADMINISTRATIVE PROCEDURES ACT / REVIEW OR APPEAL OF AGENCY DECISION
- ☐ 950 CONSTITUTIONALITY OF STATE STATUTES

**OTHER STATUTES - "8" MONTHS DISCOVERY TRACK**
- ☐ 410 ANTITRUST
- ☐ 850 SECURITIES / COMMODITIES / EXCHANGE

**OTHER STATUTES - "0" MONTHS DISCOVERY TRACK**
- ☐ 896 ARBITRATION (Confirm / Vacate / Order / Modify)

\* **PLEASE NOTE DISCOVERY TRACK FOR EACH CASE TYPE. SEE LOCAL RULE 26.3**

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF CLASS ACTION UNDER F.R.Civ.P. 23    DEMAND $_____
JURY DEMAND ☒ YES ☐ NO   (CHECK YES ONLY IF DEMANDED IN COMPLAINT)

## VIII. RELATED/REFILED CASE(S) IF ANY
JUDGE_____    DOCKET NO._____

CIVIL CASES ARE DEEMED RELATED IF THE PENDING CASE INVOLVES: (CHECK APPROPRIATE BOX)
- ☐ 1. PROPERTY INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.
- ☐ 2. SAME ISSUE OF FACT OR ARISES OUT OF THE SAME EVENT OR TRANSACTION INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.
- ☐ 3. VALIDITY OR INFRINGEMENT OF THE SAME PATENT, COPYRIGHT OR TRADEMARK INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.
- ☐ 4. APPEALS ARISING OUT OF THE SAME BANKRUPTCY CASE AND ANY CASE RELATED THERETO WHICH HAVE BEEN DECIDED BY THE SAME BANKRUPTCY JUDGE.
- ☐ 5. REPETITIVE CASES FILED BY PRO SE LITIGANTS.
- ☐ 6. COMPANION OR RELATED CASE TO CASE(S) BEING SIMULTANEOUSLY FILED (INCLUDE ABBREVIATED STYLE OF OTHER CASE(S)):

- ☐ 7. EITHER SAME OR ALL OF THE PARTIES AND ISSUES IN THIS CASE WERE PREVIOUSLY INVOLVED IN CASE NO. _____, WHICH WAS DISMISSED. This case ☐ IS   ☐ IS NOT (check one box) SUBSTANTIALLY THE SAME CASE.

_____     1/3/2020
SIGNATURE OF ATTORNEY OF RECORD                    DATE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| VALERIA WILCOX | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | |
| V. | ) | |
| | ) | JURY TRIAL DEMANDED |
| VOICES OF FAITH MINISTRY, INC d/b/a | ) | |
| VOICES OF FAITH CHRISTIAN DAYCARE | ) | |
| AND GARY HAWKINS | ) | |
| | ) | |
| Defendants | ) | |

## COMPLAINT

Plaintiff Valeria Wilcox, by and through their undersigned counsel, respectfully submit this Complaint against Defendant Voices of Faith Ministry, Inc. and Gary Hawkins ("Defendants") and show the Court as follows:

### I. NATURE OF THE CLAIM

**1.** Plaintiff brings this action to redress Defendants' violations of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 201 et seq.

**2**. At all times during the fourteen years immediately preceding the initiation of this action ("the Relevant Time Period") Defendants operated a business known as Voices of Faith Ministries, Inc. ("Voices of Faith" or Defendant) from a facility located at 2500 Rockbridge Rd. SW, Stone Mountain, Georgia.

**3.** Defendants employed Valeria Wilcox at the Voices during the Relevant Time Period.

### II. JURISDICTION AND VENUE

**4.** This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. §216(b), and 28 U.S.C. § 1331 because this action arises under the FLSA, a federal statute that affects interstate commerce.

**5.** Under 28 U.S.C. § 1391 (b), venue properly lies in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims at issue occurred in this judicial district.

### III. THE PARTIES

6. Plaintiff Wilcox resides in Stone Mountain, Georgia.

7. Defendant is a corporation organized under the laws of the State of Georgia and is authorized to do business in the State of Georgia.

8. Defendant Voices of Faith has its principal place of business at 2500 Rockbridge Rd. SW, Stone Mountain, Georgia.

9. Defendant can be served via its registered agent The Smith Legal Group, located at 6886 Main Street, Suite 214, Lithonia, Georgia.

10. Defendant Gary Hawkins is founding pastor and proprietor of Defendant Voices of Faith Ministry, Inc.

11. Upon information and belief, at all times relevant to this action, Defendant Gary Hawkins was proprietor of Voices of Faith Ministry, Inc., active in the interest of an employer towards Plaintiff, and exercised responsibility and control over Plaintiff's compensation and terms of employment and exercised operational control of a company's covered enterprise. Therefore, Defendant Hawkins may be held liable in his individual capacity as an "employer" for Defendants' FLSA violations.

12. Upon information and belief Defendant Hawkins is a resident of Lithonia, Georgia. and is subject to service at his principal place of business at 2500 Rockbridge Rd. SW, Stone Mountain, Georgia.

### IV. ENTERPRISE COVERAGE

13. At all times during the Relevant Time Period Defendant Voices of Faith Ministry, Inc. was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA, § 6(a), 29 U.S.C. § 206(a) and FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

14. During 2016, Defendant Voices of Faith Ministry, Inc. had two or more "employees engaged in "commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

15. During 2017, Defendant Voices of Faith Ministry, Inc. had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

16. During 2018, Defendant Voices of Faith Ministry, Inc. had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

17. At all times during the Relevant Time Period, the Plaintiff and at least two other employees of Defendant Voices of Faith Ministry, Inc. assisted and oversaw the operations of

Voices of Faith Ministries Daycare which moved in interstate commerce in furtherance of the commercial purpose of Defendant Voices of Faith Ministry, Inc

18. At all times during 2016, Defendant Voices of Faith Ministry, Inc. had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. §203(s)(1)(A).

19. At all times during 2017, Defendant Voices of Faith Ministry, Inc. had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. §203(s)(1)(A).

20. At all times during 2018, Defendant Voices of Faith Ministry had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. §203(s)(1)(A).

21. Upon information and belief, during 2016, Defendant Voices of Faith Ministry, Inc. had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29, U.S.C. §203(s)(1)(A).

22. Upon information and belief, during 2017, Defendant Voices of Faith Ministry, Inc. had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29, U.S.C. §203(s)(1)(A).

23. Upon information and belief, during 2018, Defendant Voices of Faith Ministry, Inc. had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29, U.S.C. §203(s)(1)(A).

24. At all times during the Relevant Time Period, Defendant Voices of Faith Ministry, Inc. has been an "enterprise engaged in commerce or in the production of goods for "commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

### V. EMPLOYER / EMPLOYEE RELATIONSHIP

25. At all times during the Relevant Time Period, Defendant Voices of Faith Ministry, Inc. was an "employer" of Plaintiff Wilcox as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

26. At all times during the Relevant Time Period, Plaintiff Wilcox was an "employee" of Defendant Voices of Faith Ministry, Inc. as defined in the FLSA § 3(e)(1), 29 U.S.C. §203(e)(1).

## VI. ADDITIONAL FACTUAL ALLEGATIONS

27. Plaintiff Wilcox performed the duties of an Assistant Director at the Voices of Faith Ministries Daycare and oversaw its operations from approximately 2005 through 2019.

28. At all times relevant to this action, Defendants classified Plaintiff Wilcox as exempt for FLSA purposes and paid per hour for all work performed.

29. Plaintiff Wilcox worked an average of 60 hours per week.

30. Plaintiff was a non-exempt employee of Defendants within the meaning of the FLSA and was subject to the overtime provisions of the FLSA.

31. Plaintiff was closely supervised by Defendant's supervisors and was required to follow specific guidelines, instructions, and policies in the performance of her duties.

32. Throughout her employment, Plaintiff regularly worked hours in excess of 40 hours per workweek for which Defendants failed to compensate her at a rate of pay equal to one- and one-half times her regular rate.

33. Plaintiff's supervisors were aware of the hours Plaintiff worked for which she was not properly compensated.

34. Plaintiff was deprived of compensation to which she is entitled through Defendants' custom, policy, and/or practice of misclassifying Plaintiff as exempt from the overtime provisions of the FLSA.

35. As a result of this custom, policy, and/or practice, Defendants' failed to credit and pay Plaintiff properly for all overtime hours she worked—i.e., all hours worked over 40 within each workweek—in violation of the FLSA.

36. Defendants have willfully and intentionally failed and/or refused to compensate Plaintiffs in accordance with the FLSA.

## VII. COUNT ONE

### FAILURE TO PAY OVERTIME WAGE

37. Plaintiff incorporates herein all the allegations contained in the preceding paragraphs as if fully set out herein.

38. At all times during the Relevant Time Period, Plaintiff was an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a). 29 U.S.C. §207(a).

39.. During the Relevant Time Period, Plaintiff regularly worked on Defendants behalf and for its benefit in excess of forty (40) hours during each week.

40.     The FLSA, 29 U.S.C. §§ 201, et seq. requires an employer to pay its employees at the overtime rate of one- and one-half times the regular rate of pay for the hours worked in excess of forty (40) hours per workweek.

41.     Defendants failed to pay Plaintiff at the required overtime rate of one-and one-half times her regular hourly rate for work she performed on its behalf and for its benefit in excess of 40 hours in any week.

42.     Defendants' failure to pay the required overtime rate was willful. Defendant has not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FL SA.  As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C § 216(b).

43.     As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C § 216(b).

44.     As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to her litigation costs, including her reasonable attorney's fees in accordance with FLSA § 16(b), 29 U.S. C. §216(b).

45.     As a result of Defendants' violated the overtime provisions of the FLSA, thus Plaintiff suffered damages.

      **WHEREFORE,** Plaintiff respectfully requests the following relief:

      A) That Plaintiff be awarded against Defendants the unpaid overtime compensation due under the FLSA at one and a half times her applicable regular rates for all hours worked in excess of forty (40) hours per week in an amount to be determined at trial, plus additional like amounts in liquidated damages;

      B) That the Court permanently enjoin Defendants from violating the overtime provisions of the FLSA;

      C) Pre- and post-judgment interest;

      D) That Plaintiff be awarded her costs of litigation, including reasonable attorney fees from Defendants; and

      E) Such further and appropriate relief as the Court may deem necessary.

## **DEMAND FOR JURY TRIAL**

Plaintiff respectfully request a trial by jury on all issues deemed so triable.

Respectfully Submitted,

/s/Danielle Bess Obiorah
Danielle Obiorah
State Bar No. 055770

*Counsel for Plaintiff*
Obiorah Fields, LLC
157 S. McDonough Street
Jonesboro, Georgia 30236
404-994-6218 (phone)
877-828-8956 (facsimile)
dbo@obiorahfields.com